## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**FREDRICK LEE JOHNSON, #R2641**                                        **PETITIONER**

**v.**                                           **CIVIL ACTION NO. 3:19-cv-567-TSL-MTP**

**PELICIA HALL,** *Commissioner*                                       **RESPONDENT**
*Mississippi Department of Corrections*

### REPORT AND RECOMENDATION

THIS MATTER is before the Court on the Petition of Fredrick Lee Johnson for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, Respondent's Motion to Dismiss [14] pursuant to 28 U.S.C. §2244(d), and Petitioner's Motion for Emergency Release [15]. Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [14] be GRANTED, that Petitioner's Motion [15] be DENIED, and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

### PROCEDURAL HISTORY

On March 17, 2003, Johnson pled guilty to one count of armed robbery in the Circuit Court of Neshoba County. *See* [14-1]. The Neshoba County Circuit Court sentenced Johnson to twenty-five (25) years in the custody of the MDOC, with eighteen (18) years to serve, seven (7) years suspended, and five (5) years of post-release supervision. *See* [14-2].

On August 3, 2019, Johnson filed his Petition for Writ of Habeas Corpus [1].[1] Petitioner asserts that he had ineffective assistance of counsel, that he did not knowingly and intelligently

---

[1] The Petition was signed on August 3, 2019 and stamped "filed" on August 14, 2019. "Under the 'mailbox rule,' a prisoner's federal habeas petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 393 401 (5th Cir. 1999). Weighing all doubts in Petitioner's favor, the undersigned will use the earlier date of August 3, 2019.

1

enter his guilty plea, and that his sentence is illegal. On January 8, 2020, the Respondent filed a Motion to Dismiss [14], asserting that the Petition was not timely filed and should be dismissed. Thereafter, Petitioner filed a Motion for Emergency Release [15].

After a review of the Petition [1] and Petitioner's Response [9], the Petitioner's grounds 1-6 were found to be based on arguments and claims concerning taxes. Accordingly, the court ordered that grounds 1-6 be dismissed with prejudice as to claims for habeas relief because they do not relate to petitioner's conviction and sentence and without prejudice to the extent that the claims in grounds 1-6 may be raised in a non-habeas civil action. The Petitioner's grounds for habeas relief based on ineffective assistance of counsel, that he did not knowingly and intelligently enter his plea agreement, and that his sentence is illegal were ordered to proceed. Order [10].

## ANALYSIS

A petitioner seeking federal habeas relief must file a federal petition within one year "from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In the instant case, the petitioner was sentenced on March 17, 2003, after entering a guilty plea. *See* [14-1]. In the instant case, the petitioner was sentenced on March 17, 2003, after entering a guilty plea. Under Mississippi law, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. For guilty pleas taken prior to July 1, 2008, however, the Mississippi Supreme Court carved out an exception allowing an appeal from a guilty plea within thirty days when the issues concerned an alleged illegal sentence. *See* S*eal v. State,* 38 So. 3d 635 (Miss. App. 2010).

Petitioner did not appeal his sentence. Therefore, Petitioner's conviction became final and the statute of limitations for federal habeas relief began to run on April 16, 2003 – 30 days after his guilty plea and judgment were entered. Petitioner filed his petition on August 14, 2019, more than sixteen years after his judgment became final.

*Statutory Tolling*

Whether the statute of limitations was tolled during the period between the judgment becoming final on April 16, 2003, and the Petitioner filing his federal petition on August 3, 2019 is determined by 28 U.S.C. §2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.  Petitioner did not file a motion for post-conviction collateral review.  Thus, the petitioner does not benefit from statutory tolling under §2244(d), and the federal habeas deadline remained April 16, 2004.

*Equitable Tolling*

The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. *U.S. v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402. Generally, equitable tolling is only applicable in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The decision to invoke equitable tolling of the one-year limitation period of §2244(d) is within the discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1998). The petitioner bears the burden of proving the existence of "rare and exceptional circumstances" that would toll the period.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently. . . ." *Manning v. Epps*, 688 F.3d 177,183 (5th Cir. 2012).

Petitioner claims that his sentence was illegal. This claim, however, does not toll the limitations period. *See Jackson v. Brewer*, 2010 WL 4531386, at *1 (N.D. Miss. Oct. 13, 2010); *Williams v. Mississippi*, 2018 WL 312870, at *3 (N.D. Miss. Jan. 5, 2018) ("there is no 'illegal sentence' exception to the federal limitations period"). Further, an illegal sentence does not constitute a "rare and exceptional circumstance" that tolls the limitation period. *See Felix v. Epps*, 2012 WL 2357456, at *2 (S.D. Miss. Apr. 25, 2012). Thus, the limitation period is not tolled due to Petitioner's illegal sentence claim.

In his Motion for Emergency Release [15], Petitioner argues that he could not appeal his case due to a conflict of interest arising when his attorney at the time of sentencing became a judge in Neshoba County. Petitioner does not explain why his attorney becoming a judge prevented him from appealing his sentence or filing a post-conviction motion. Moreover, the matter of who was serving as a judge in Neshoba County, Mississippi had no effect on Plaintiff's ability to file a timely habeas petition in this court.

Additionally, Petitioner failed to diligently pursue his rights. After Petitioner was sentenced on March 17, 2003, he waited more than sixteen years to file his habeas petition. "[E]quity is not for those who sleep on their rights." *Coleman* 184 F.3d at 403. Petitioner's exceedingly long period of inactivity does not constitute the due diligence required to invoke equitable tolling.

4

Petitioner has neither presented evidence nor pointed to anything in the record that demonstrates the presence of rare and exceptional circumstances that would invoke equitable tolling. Therefore, Petitioner is not entitled to equitable tolling.

## CONCLUSION

Petitioner's state court judgment became final on April 16, 2003. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal petition by April 16, 2004. The petitioner filed his petition on August 3, 2019. Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate. Accordingly, he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [14] be GRANTED, the Motion for Emergency Release [15] be DENIED,[2] and the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

Pursuant to the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the

---

[2] The "Motion for Emergency Release" [15] simply restates and re-emphasizes the Petitioner's grounds for habeas relief.

5

grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    THIS the 26th day of June, 2020.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge